UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 06-61897-CIV-MARRA/JOHNSON

L.M.P., on behalf of E.P., D.P., and
K.P., minors,

      Plaintiff,

v.

THE FLORIDA DEPARTMENT OF
EDUCATION, and JOHN WINN,
Commissioner of the Florida Department
of Education,

      Defendants.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court on Plaintiff L.M.P.'s Motion for Partial Summary Judgment (DE 18). The Motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is fully advised in the premises.

## Background

The facts of this case and of the companion case, no. 05-60845-CIV-MARRA have been explained in detail in this Court's prior orders. *See, e.g., L.M.P. ex rel. E.P. v. School Board of Broward County, Florida*, 516 F. Supp. 2d. 1294, 1296-1300 (S.D. Fla. 2007). The Court presumes familiarity with these orders.

1

The facts specifically relevant to the instant summary judgment motion, as gleaned from the Complaint,[1] are as follows: D.P., E.P., and K.P. (the "Triplets"), on whose behalf this action has been brought), have sought relief under the federal Individuals with Disabilities Educational Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*,[2] on two occasions before the Florida Division of Administrative Hearings. (Compl. ¶¶ 9-10.) In both proceedings, Plaintiff sought final adjudication of her claims under the IDEA, including "equitable remedies mandated by 20 U.S.C. § 1415." (Compl. ¶¶ 11-12.) In each administrative action, the administrative law judge ("ALJ") found that he did not have authority under Florida law to craft an equitable remedy for Plaintiff's benefit. (Compl. ¶ 13.) Plaintiff claims that the IDEA mandates that this equitable authority be given to state ALJ's who adjudicate claims under the IDEA; otherwise, the state administrative proceedings under IDEA are not "final" as required by the act. (Compl. ¶ 13.) Plaintiff then sought relief in a subsequent administrative hearing, claiming that the Florida Division of Administrative Hearings proceedings under the IDEA violated the Triplets right to a final due process hearing. (Compl. ¶ 16.) That action was dismissed by the ALJ for lack of subject matter jurisdiction. (Compl. ¶ 17; Ex. A at 11.)

Plaintiff then filed the instant suit, seeking a declaration that the Triplets right to a "due process hearing" under the IDEA has been violated because the Florida Division of

---

[1] Plaintiff's motion for summary judgment is entirely based on a question of law, and Plaintiff provided little to supplement the factual record in this case. Defendants do not dispute the facts as presented by Plaintiff in the Complaint. As such, in deciding this motion for summary judgment, the Court relies primarily on the facts as presented in the Complaint.

[2] The IDEA was amended effective July 1, 2005. The substance of the relevant provisions has not changed, but certain section and line numbers have changed. In this Order, the Court cites to the most recent version of the IDEA.

Administrative Hearings has not vested ALJ's with the power to grant equitable relief so that ALJ decisions are not "final" as contemplated by the IDEA.  Plaintiff now moves for summary judgment, claiming that as a matter of law, Defendants have not provided a proper "due process hearing" as mandated by the IDEA.  Defendants respond that Plaintiff misinterprets and misunderstands the statutory requirements of the IDEA and that the State of Florida has provided an appropriate administrative hearing mechanism as required by the IDEA.

## Standard of Review

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp.*, 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  *Id.* at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and

the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249-50.

## Discussion

Plaintiff is correct that any party, whether it be the parents or the public agency, may present a complaint for a hearing "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6). When such a claim is made, the party has an opportunity for "an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency." 20 U.S.C. § 1415(f)(1)(A). The decision of such a hearing "shall be final," except that the decision of a hearing before the state educational agency can be appealed to a state trial court or a federal district court. 20 U.S.C. §

1415(i)(2)(A).

The parties dispute the meaning of one particular line of the statute, 20 U.S.C. § 1415(i)(2)(C)(iii), which reads as follows:

> In any action brought under this paragraph, the *court*–
> . . .
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the *court* determines is appropriate.

20 U.S.C. § 1415(i)(2)(C)(iii) (emphasis added). The Supreme Court recognized the broad authority of state and federal courts in *Burlington v. Department of Education*, 471 U.S. 359 (1985). Plaintiff, however, interprets this language to mean that a state *administrative hearing officer* must have equivalent authority in a due process hearing. The Court rejects this assertion based on the plain language of the statute. The statute grants *courts* this authority alone. The statute explains in great detail the duties and authority of state administrative hearing officers, but the statute does not grant the same remedial latitude to administrative law judges in due process hearings.

Plaintiff misconstrues the Supreme Court's holding in *Burlington*. Plaintiff cites a passage that states a local school can be required to reimburse parents for money spent on private special education if the local public school's Individualized Education Program ("IEP") is deemed inadequate. (Pl. Mot. 12.) Specifically, the Court held that the corresponding statutory language to 20 U.S.C. § 1415(i)(2)(C)(iii) in the Education of the Handicapped Act ("EHA") required the defendant "to belatedly pay expenses that it should have paid all along and would have borne in the first instance had it developed a proper IEP." *Burlington*, 471 U.S. at 370-71.

Plaintiff fails to recognize, however, that the Supreme Court was not addressing the

authority of the administrative law judge in a due process hearing.  Instead, the Court granted certiorari on the question of whether *courts* had the authority to order such reimbursement.  *Id.* at 369.  The Court only held that "'appropriate' relief . . .include[d] retroactive reimbursement to parents as an available remedy in a proper case." *Id.* at 370.  The Supreme Court did not state that the administrative hearing officers have the same authority that courts do under 20 U.S.C. § 1415(i)(2)(C)(iii), nor did the Court address the availability of equitable remedies under any section of the EHA or IDEA.  Instead, the Court stated that "equitable considerations" are relevant in determining relief.  *Burlington*, 471 U.S. at 374.

In this case, Plaintiff sought a "mandatory injunction" from the ALJ "requiring the school district to continue providing the services authorized on the children's most recent" IEP.  (Pl. Ex. A at 3.)  However, neither this Court nor the ALJ has determined that the Triplets IEP was inappropriate.  Until the IEP is determined to be inadequate, Plaintiff cannot obtain reimbursement under the Supreme Court's holding in *Burlington*.  Thus, *Burlington* is totally inapplicable to this case.[3]

The Court can find no language in either § 1415 or *Burlington* that suggests ALJ's must

---

[3]*M.M. ex rel. C.M. v. School Board of Miami-Dade County*, 437 F.3d 1085 (11th Cir. 2006), is equally inapplicable.  In that case, the ALJ held that the student had not been denied a free and appropriate public education and that the school board's IEP was appropriate.  *Id.* at 1093.  This decision was upheld by the Eleventh Circuit.  *Id.* at 1103.  The court did state that enrollment in a public school pursuant to an inadequate IEP was not a prerequisite to receiving reimbursement under the IDEA.  *Id.* at 1099.  However, if a court is not presented with evidence that a child was denied a free and appropriate public education, the court cannot make *any* award.  Relief is triggered only when the IEP is deemed inappropriate.  *See Burlington*, 471 U.S. at 369-70.

have the power to grant injunctive relief under the IDEA as part of the due process hearing.[4] While it appears that courts *may* have such authority under 20 U.S.C. § 1415(i)(2)(C)(iii), Plaintiff appears to suggest that because the ALJ did not have this power, the Triplets were denied a due process hearing that reached a final decision.  However, since the IDEA does not require ALJs to have this authority, Plaintiff's argument must fail.  The decisions of the ALJ in the due process hearing are final, subject only to review in a civil suit brought in either a federal district court or a Florida state circuit court.  Fla. Admin. Code r 6A-6.03311(11)(j) (2007).  The fact that the state and federal courts have more remedies available to redress a plaintiff's grievances than an administrative law judge in a due process hearing does not affect the finality of those administrative actions.

As such, the Court concludes that the Triplets have not demonstrated, as a matter of law, that they were denied due process hearings with final decisions, and Plaintiff's motion for summary judgment must be denied.[5]

---

[4]In passing, Plaintiff cites *S-1 By and Through P-1 v. Spangler*, 650 F. Supp. 1427 (M.D.N.C. 1986).  In dictum, the court in that case hinted that the state administrative hearing officer should have the same authority as a court under § 1415(i)(2)(C)(iii).  The court found "no compelling reason why the state hearing officer should be deprived of the power to order a necessary and appropriate remedy." *Spangler*, 650 F. Supp. at 1431.  Nevertheless, that court was only adjudicating the issue of whether an administrative hearing officer could order reimbursement for a private placement when the IEP had been deemed inadequate.  That court did not hold that the state hearing officer had wide equitable authority to craft a remedy for a petitioner, as Plaintiff seeks in this case.

[5]The Court also doubts whether this issue is for adjudication.  Plaintiff has not yet demonstrated that the Triplets have suffered an injury as defined by the IDEA.  In deciding whether a claim is ripe for review, the Court must consider both the fitness of the issue for judicial decision and the hardship to the parties of reserving judgment.  *Cheffer v. Reno*, 55 F.3d 1517, 1524 (11th Cir. 1995).  In this case, the issue of whether ALJ's should have had equitable powers pursuant to 20 U.S.C. § 1415 is entirely hypothetical and not fit for adjudication.  Plaintiff has not yet demonstrated that the Triplets are entitled to any form of relief under the

**Conclusion**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment (DE 18) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of January, 2008.

                                                  _____
                                                  KENNETH A. MARRA
                                                  United States District Judge

Copies furnished to:
all counsel of record

---

IDEA. The Triplets IEPs have not been deemed inadequate, and the Triplets have not been found entitled to any service that Broward County has not provided. The Court can only speculate whether injunctive relief would even be appropriate in this case.