UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 06-61897-CIV-MARRA/JOHNSON

L.M.P., on behalf of E.P., D.P., and
K.P., minors,

    Plaintiff,

v.

THE FLORIDA DEPARTMENT OF
EDUCATION, and JOHN WINN,
Commissioner of the Florida Department
of Education,

    Defendants.
_____/

## OPINION, ORDER AND FINAL JUDGMENT

THIS CAUSE comes before the Court on Defendants' Motion for Summary Judgment and Motion to Dismiss for Mootness (DE 40) and Plaintiff's Renewed Motion for Partial Summary Judgment (DE 43). The motions are now fully briefed and are ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

## BACKGROUND

The facts of this case and of the companion case, no. 05-60845-CIV-MARRA have been explained in detail in this Court's prior orders. *See, e.g., L.M.P. ex rel. E.P. v. School Board of Broward County, Florida*, 516 F. Supp. 2d. 1294, 1296-1300 (S.D. Fla. 2007). The Court presumes familiarity with these orders.

1

Further, as the Court previously summarized in its Order (DE 28) of January 24, 2008, the facts specifically relevant to the instant summary judgment motion are as follows: D.P., E.P., and K.P. (the "Triplets"), on whose behalf this action has been brought), have sought relief under the federal Individuals with Disabilities Educational Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*,[1] on two occasions before the Florida Division of Administrative Hearings. (Compl. ¶¶ 9-10.) In both proceedings, Plaintiff sought final adjudication of her claims under the IDEA, including "equitable remedies mandated by 20 U.S.C. § 1415." (Compl. ¶¶ 11-12.) In each administrative action, the administrative law judge ("ALJ") found that he did not have authority under Florida law to craft the equitable remedy Plaintiff sought. (Compl. ¶ 13.) Plaintiff claims that the IDEA mandates that this equitable authority be given to state ALJ's who adjudicate claims under the IDEA; otherwise, the state administrative proceedings under IDEA are not "final" as required by the act. (Compl. ¶ 13.) Plaintiff then sought relief in a subsequent administrative hearing, claiming that the Florida Division of Administrative Hearings proceedings under the IDEA violated the Triplets right to a final due process hearing. (Compl. ¶ 16.) That action was dismissed by the ALJ for lack of subject matter jurisdiction. (Compl. ¶ 17; Ex. A at 11.)

Plaintiff then filed the instant suit seeking a declaration that the Triplets' right to a "due process hearing" under the IDEA has been violated because the Florida Division of Administrative Hearings has not vested ALJ's with the power to grant equitable relief. As a result, Plaintiff claims ALJ decisions are not "final" as contemplated by the IDEA. Plaintiff then moved for summary judgment, claiming that as a matter of law, Defendants have not provided a

---

[1] The IDEA was amended effective July 1, 2005. The substance of the relevant provisions has not changed, but certain section and line numbers have changed. In this Order, the Court cites to the most recent version of the IDEA.

proper "due process hearing" as mandated by the IDEA. The Court denied this motion (DE 28), holding that administrative hearing officers are not granted wide equitable authority by 20 U.S.C. § 1415(i)(2)(C)(iii) and that such relief can only be granted by a court.

Defendants now move for summary judgment, claiming that Plaintiff has failed to state a claim that her due process rights have been violated. Plaintiff has responded, resting on the arguments she raised in her own motion for partial summary judgment. Plaintiff has also filed a "renewed motion for summary judgment," which the Court construes as a motion to reconsider its prior order denying summary judgment.

## STANDARD OF REVIEW

*Motion for Reconsideration*

Summary judgment orders are considered interlocutory, and "'the court at any time before final decree (could) modify or rescind it.' Thus, vacating [an] earlier order [is] within the district court's power." *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970) (internal citations omitted).[2] "[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" *Williams v. Cruise Ships Catering and Service International*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (internal citations omitted). A motion for reconsideration is not a "vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992); *see also O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) ("Motions to amend should not be used to raise arguments which could, and should, have been made before the

---

[2]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

judgment was issued."). Courts generally limit reconsideration of earlier rulings to situations where the controlling law has changed, new evidence is available, or manifest injustice or clear error must be prevented. *See Williams*, 320 F. Supp. 2d at 1357-58; *see also DeLong Equipment Co. v. Washington Mills Electro Minerals Corp.*, 990 F.2d 1186, 1197 (11th Cir. 1993) (explaining, in terms of the "law of the case" doctrine, that courts should not alter prior holdings without a strong justification "such as a change in controlling authority, new evidence or the need to avoid manifest injustice").

*Summary Judgment*

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  *Anderson*, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  *Anderson*, 477 U.S. 242, 249-50.

**<u>DISCUSSION</u>**

The Court does not dispute Plaintiff's argument that the Court "may" reconsider a previously denied summary judgment motion, even in the absence of new evidentiary material. *See, e.g., Conkling v. Turner*, 18 F.3d 1285, 1296 (5th Cir. 1994).  Barring exceptional circumstances, however, the Court will not reconsider a prior order.  The failure of a party to include arguments or evidence in its original motion is not a ground to reconsider a prior order. The Court will correct its own mistakes, not those of the parties.

In this case, Plaintiff asserts two reasons to justify reconsideration of this Court's Order

denying her Motion for Partial Summary Judgment:

> 1) the method of statutory construction used by the Court in its prior order should not be used to deny the Triplet's renewed motion because it did not include, as required, a consideration of the question of an ALJ's jurisdiction in context with the IDEA as a whole, and, 2) that to the extent there is a gap in the Act concerning jurisdiction, then the Court must defer to the policy determinations by [the Office of Special Education Programs ("OSEP")].

(Pl. Reply. 2.) Plaintiff further claims that these "arguments were not excluded from Plaintiff's initial motion due to an improper motive, nor are they raised here simply to serially reargue with the Court." (Pl. Reply 2-3.) The Court accepts Plaintiff's representation that these arguments were not excluded for improper purposes. Instead, the Court believes that Plaintiff made a tactical decision not to include such arguments in her original motion. For instance, in Plaintiff's reply brief, she states that "she did not believe there was any ambiguity in 20 U.S.C. § 1415(i)(1)(A)," so she did not include arguments regarding the OSEP letters because "she did not believe it necessary to decide the issue." (Pl. Reply 3.) The fact that Plaintiff believed, in error, that such information was not necessary for her initial motion is not a justification for reconsideration of the Court's prior order. These sources were clearly available at the time Plaintiff made her initial motion. A motion for reconsideration is not a vehicle to argue for the first time authority which was available for the original motion, nor is a motion for reconsideration a vehicle for Plaintiff to retreat from her tactical decisions not to include that authority. Thus, as Plaintiff has not presented a proper basis for reconsideration, Plaintiff's motion shall be denied.

Even so, the Court is confident in its prior decision. Plaintiff's argument is simply that the Triplets were denied a final determination of their IDEA claims before the ALJ because the

ALJ did not have the authority to award the equitable relief Plaintiff sought, specifically a "mandatory injunction" from the ALJ "requiring the school district to continue providing the services authorized on the children's most recent" IEP. (DE 18 Ex. A at 3.) The fact that the ALJ could not offer equitable relief, Plaintiff reasons, means that the Triplets "were unable to obtain final decisions reviewable only by a court." (DE 18 at 16.)

First, as the Court previously explained, the provision of the IDEA that Plaintiff cites to justify an award of equitable relief, 20 U.S.C. § 1415(i)(2)(C)(iii), only applies to courts, not to administrative hearing officers.[3] The IDEA does not require administrative hearing officers to have this authority in order to render a final decision. The fact that an aggrieved plaintiff can appeal the decision of an ALJ to a court does not render the guarantee of finality in an action before the ALJ illusory. Here, Plaintiff presented her grievances before the ALJ. The ALJ rendered a decision. Plaintiff then appealed to the Court. Plaintiff did receive a final decision reviewable by a court.[4] The Triplets received full and fair administrative hearings on their IDEA claims, subject to review only by a court.

Additionally, Plaintiff's reliance on letters from the Office of Special Education Programs ("OSEP") does not suggest the Court's conclusion was incorrect. Plaintiff cites to *Letter to Armstrong*, June 11, 1997 (*see* Pl. Mot. Ex. B), but that letter explicitly recognizes that the

---

[3]Defendants are correct – the Court focused on this provision because Plaintiff's Complaint and Motion for Partial Summary Judgment were, in fact, based on this provision.

[4]Plaintiff again cites *Helms v. McDaniel*, 657 F.2d 800 (5th Cir. Unit B 1981). However, *Helms* plainly recognizes the "requirement that this decision be final unless appealed to state or federal court." *Id.* at 805. Under Florida's administrative rules, only a state or federal court may review the decision of the ALJ. Fla. Admin. Code r 6A-6.03311(11)(j) (2007). A judgment is not illusory merely because the ALJ (or a federal court judge) does not have the authority to grant the relief Plaintiff seeks.

"specific authority of hearing officers and appeals boards, including the sanctions that are available to them, generally will be set forth in State law or regulation."  OSEP only opines that hearing officers must have the "authority they need to grant relief necessary" to ensure compliance with the IDEA.  *Id.*  Plaintiff has yet to explain why the power to issue a mandatory injunction requiring the school district to continue providing certain services is necessary for a Florida ALJ to enforce the IDEA, especially in light of the Eleventh Circuit Court of Appeals' decision that the Triplets are *not* entitled to such services.  *D.P. ex rel. E.P. v. School Board of Broward County*, 483 F.3d 725 (11th Cir. 2007).

  Moreover, as the Court previously explained, the issue whether a Florida ALJ failed to award Plaintiff with the relief she sought is entirely hypothetical.  Plaintiff claims that she has suffered an injury-in-fact, namely that her right to a "timely, full and final due process hearing under the IDEA" has been denied.  (Pl. Mot. 11.)   However, as previously explained, the Triplets have not been found entitled to any service that Broward County has not provided.  Thus, even if the Florida ALJ *should* have had authority to grant equitable relief, the question is purely hypothetical, because the power to award a remedy is contingent on a violation of the IDEA.  Since the ALJs (and the Eleventh Circuit) found no violation of the IDEA, the ALJs had no remedial authority.  Simply put, Plaintiff has not been injured by the alleged failure of Florida's ALJs to have equitable powers because Plaintiff is not entitled to any relief, equitable or otherwise.  Plaintiff's claims are not justiciable because Plaintiff has not presented a redressable grievance.  Ruling that the ALJ should have had the authority to issue a mandatory injunction would not change the result of the administrative hearings or court cases.

  The OSEP further suggests the non-justiciability of this case.  For instance, in *Letter to*

*Armstrong*, June 11, 1997 (*see* Pl. Mot. Ex B), the OSEP recognizes that a hearing officer should have "the authority to grant the relief necessary, under the particular facts and circumstances of each case, to ensure that a child receives the FAPE to which the child is entitled." Plaintiff's argument is that the ALJ did not have the authority to grant the necessary relief. However, without a determination that the Triplets have been denied a FAPE, the question of the ALJ's remedial authority is speculative.[5]

## CONCLUSION

As no live case or controversy exists, the Court will dismiss this action because it lacks Article III authority to preside over this matter. *See Clinton v. New York*, 524 U.S. 417 (1998). Alternatively, the Court reaffirms its previous holding that, as a matter of law, Plaintiff has not demonstrated that the Triplets were denied due process hearings with final decisions. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment and Motion to Dismiss for Mootness (DE 40) is **GRANTED**. Judgment is hereby entered in favor of Defendants the Florida Department of Education and John Winn. Plaintiff shall take nothing from this case.

2. Plaintiff's Renewed Motion for Partial Summary Judgment (DE 43), construed as a motion for reconsideration, is **DENIED**.

3. All other pending motions are **DENIED AS MOOT**.

---

[5] As the Supreme Court has explained, "[T]hose who seek to invoke the power of the federal courts must allege an actual case or controversy. Plaintiffs in the federal courts 'must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.'. . . Abstract injury is not enough." *O'Shea v. Littleton*, 414 U.S. 488, 493-94 (1974).

4.  The Clerk shall **CLOSE THIS CASE**.

> **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 14th day of September, 2008.

>>> _____
>>> KENNETH A. MARRA
>>> United States District Judge

Copies to:
all counsel of record